IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY JAY MEYERS,

    Plaintiff,                      No. CIV S- 03-0241 LKK GGH P

    vs.

SHERIFF JIM POPE, et al.,

    Defendants.               ORDER

                                /

<u>Introduction</u>

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's two motions for permissive joinder of additional defendants and/or claims, both filed on February 18, 2005, to both of which defendants have filed an opposition on March 14, 2005; plaintiff's reply was filed on March 31, 2005.

<u>First Amended Complaint</u>

        The court sets forth its summary of plaintiff's action in the <u>Findings and Recommendations</u>, filed on August 12, 2004, adopted by <u>Order</u> filed on September 30, 2004.

> This action, originally filed on February 7, 2003, proceeds on plaintiff's first amended complaint, filed on May 12, 2003, as modified by the court's November 18, 2003 order, striking plaintiff's first claim for relief for a violation of his First Amendment rights from the amended complaint. See <u>Order</u> filed

1

November 18, 2003, adopting the August 22, 2003 <u>Findings and Recommendations</u>.[1] Named as defendants are the Shasta County Board of Supervisors, Shasta County Sheriff Jim Pope, Shasta County Sheriff's Captain Don Van Buskirk, Shasta County Sheriff's Sgt. Caselica, Shasta County Sheriff's Deputy T. Seals and Shasta County Sheriff's Deputy Carol Birch.[2]

Plaintiff alleges that he is a civilly committed detainee in custody pursuant to Welf.& Inst. Code § 6600, the Sexually Violent Predator Act (SVPA).[3] He is currently involuntarily confined to Atascadero State Hospital, pursuant to Welf. & Inst. Code § 6604,[4] and alleges that from January 1, 2002 through November 31, 2002, he was held at the Shasta County Jail pending his last recommitment trial. Amended Complaint (AC), pp. 4-5.

Plaintiff's original commitment date was December 19, 1997. AC, p. 4. Plaintiff claims that defendants' policies, practices and customs have violated both state and federal constitutions and statutes. AC, pp. 3-4. Plaintiff complains that he was placed in Administrative Segregation (Ad Seg) during the entire time he was at Shasta County Jail and that this is a punishment generally reserved for inmates in jail on charges of penal violations who are engaged in misconduct or are involved in high profile cases. AC, p. 6. Plaintiff alleges that he as a civil detainee has been treated more punitively than those subject to penal statutes, that he has been subjected to unsafe, unhygienic and overly restrictive conditions of confinement, including having his freedom of movement and association restricted by being restricted from confidential phone calls and mail and having overly restrictive visiting conditions imposed, having endured excessive physical restraints and unreasonable searches and seizures of his property and his person. AC, pp. 4-5. Plaintiff alleges violations of his

---

[1] The specific First Amendment claim for relief that was stricken was plaintiff's claim that he was "deprived of 'his right to freedom of the press' by allegedly not being allowed to watch television at Shasta County Jail." See <u>Findings and Recommendations</u>, filed August 22, 2003, p. 1.

[2] As noted in the court's order filed on August 25, 2003, fn. 1, although plaintiff had named this individual "C. Oblinger" in the May 12, 2003 amended complaint, by notice filed on July 14, 2003, plaintiff corrected the name to "Carol Birch."

[3] "'Sexually violent predator' means a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1).

[4] §6604 sets forth, inter alia, that a person determined to be a sexually violent predator "shall be committed for two years to the custody of the State Department of Mental Health for appropriate treatment and confinement in a secure facility designated by the Director of Mental Health...."

1   rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth
    Amendments of the federal constitution.  AC, p. 5.
2
    Plaintiff alleges that defendants Shasta County Board of
3   Supervisors and Sheriff Pope are responsible for the policies,
    practices and customs resulting in the punitive conditions of his
4   confinement.  AC, p. 7.

5   Defendant Van Buskirk is responsible for depriving plaintiff of
    privileges enjoyed by inmates of the jail not subject to disciplinary
6   action by ordering plaintiff's housing status changed from the
    medical unit to ad seg.  AC, p. 7.  Defendant Van Buskirk failed
7   to correct plaintiff's conditions of confinement after being
    informed of the violations against plaintiff and knowingly allowed
8   other defendants to violate his rights on a daily basis.  AC, pp. 7-8.

9   Defendant Caselica, responsible for the first level review of
    inmates' complaints, knowingly allowed on-going violations of
10  plaintiff's civil rights to occur, informing plaintiff in response to
    his written complaints, "Where you are housed is where you will
11  stay."  AC, p. 8.

12  Defendant Seals, worked the floor and pod of the medical wing of
    the jail from 7:00 a.m. to 7:00 p.m. in January of 2002.  AC, p. 8.
13  Defendant Seals deprived plaintiff of his right to confidential
    phone calls, confidential visits, confidential mail (legal and
14  personal), adequate showers/hygiene (exposed to bodily wastes and
    fluids while showering), adequate socialization, adequate sleep,
15  adequate and sanitary meals, adequate access to religious services.
    AC, p. 8, 12.  Defendant Seals subjected plaintiff to excessive
16  isolation and physical restraints in the form of waist and ankle
    shackles and to potential physical assaults when plaintiff was
17  allowed phone use by handcuffing plaintiff to a bolt in the main
    hallway and leaving plaintiff where other inmates were free to
18  walk.  AC, pp. 8-9.  On September 6, 2002, defendant Seals, while
    working the jail's ad seg unit, ordered plaintiff to the pod's
19  dayroom while a "penal detainee" was present.  AC, p. 9.  On an
    unspecified occasion, defendant Seals ordered plaintiff to the pod
20  dayroom when a whole group of "penal detainees" were present.
    On another unidentified occasion, defendant Seals ordered plaintiff
21  to line up with inmates held pending criminal proceedings so that
    plaintiff and the other inmates could be escorted to another part of
22  the jail so the ad seg unit could be sprayed for bugs.  Id.
    Defendant Seals, on another occasion, subjected plaintiff to a
23  possible physical assault, when he ordered plaintiff to go to court
    unescorted from his ad seg cell to an elevator with no deputies in
24  sight.  Id.

25  Defendant Carol Birch, misnamed as Oblinger in the amended
    complaint, who worked in the jail from 7:00 a.m. to 7:00 p.m. in
26  January of 2002, deprived plaintiff of his civil rights as a civil

3

detainee by denying plaintiff his right to confidential phone calls, confidential visits, confidential mail (legal and personal), adequate showers/hygiene (exposed to bodily wastes and fluids while showering), adequate socialization, adequate sleep, adequate and sanitary meals, adequate access to religious services. AC, pp. 9-10, 12. Meals were served by penal inmates who often were not wearing hair nets or gloves. Id. Plaintiff observed inmates serving food to other inmates occasionally spitting into the food. AC, p. 10. Plaintiff was also deprived of his right to treatment for substance abuse, to be free from unreasonable searches and seizures and from his right to be free from inhumane continuous cell-lockdown. Id. Defendant Birch ordered plaintiff into locked hallways with inmates detained for criminal proceedings and often ordered plaintiff to return to his cell by walking unprotected among such inmates. Id. Defendant Birch was apparently observed (by an unidentified party) going through plaintiff's confidential legal work, including plaintiff's confidential psychiatric reports from the Dept. of Mental Health. Id.

Plaintiff alleges generally that defendants do not have written policies setting forth rights of mentally ill and civilly committed patients, rights set forth in the CAL. CODE REGS. tit.xxii and Cal. Welf. & Inst. Code §§ 5325,[5] 5325.1 and 5328. AC, pp. 11-12. Plaintiff also notes that the rights of mentally ill patients are outlined in 42 U.S.C. §§ 9501, 10841. Plaintiff alleges violations of his rights under the First, Fourth and Fourteenth Amendments, including, under the Fourteenth Amendment, violations of his procedural and substantive due process and equal protection rights; plaintiff also alleges violations of the double jeopardy clause under the Fifth and Fourteenth Amendments, violations of the ex post facto clause, and violations of the Sixth Amendment and Eighth Amendment, and of the right to privacy. AC, p. 5, 14-19. Plaintiff seeks monetary damages.[6]

---

[5] Under §5325, persons who are involuntarily detained for treatment or evaluation (as well as voluntary patients and those who are mentally retarded) have, inter alia, the following rights: to wear their own clothing; keep personal possessions; to keep and spend a reasonable amount of money for small purchases; to see visitors daily; to make and receive confidential calls; to mail and receive unopened correspondence; to refuse convulsive treatment and psychosurgery.

[6] In its order dismissing the original complaint with leave to amend, filed on April 22, 2003, the court found that plaintiff, not incarcerated at Shasta County Jail at the time of filing his complaint, had not shown how his claims had not been mooted and dismissed his claims for injunctive relief. See Order, filed on April 22, 2003, p. 4. Subsequently, however, in his amended complaint, plaintiff averred that he is likely to be returned to Shasta County Jail every two years for a recommitment trial. (He contends that he was recommitted on October 31, 2002, effective December 19, 2001; the commitment order attached to plaintiff's complaint corroborates the effective date, but this appears to be a typographical error that should read December 19, 2002, since it follows that the effective date would follow, not precede, the date of

August 12, 2004 <u>Findings and Recommendations</u>, pp. 1-5.  As noted, the September 30, 2004 order adopted the August 12, 2004 <u>Findings and Recommendations.</u>  Upon defendants' motion to dismiss, plaintiff's equal protection claims were dismissed, and it was confirmed that plaintiff had no claim concerning his transportation and receipt at the county jail per se.

Plaintiff now seeks to add as defendants, purportedly pursuant to Fed. R. Civ. P. 20, Shasta County Sheriff's Deputy J. Carelli and the Shasta County Board of Supervisors.  In the first place, as defendants point out, the Shasta County Board of Supervisors is already a defendant in this action; with respect to this defendant, plaintiff appears to be seeking to revive injunctive relief claims, claims that he had earlier expressly disavowed, at least with respect to the period of time at issue in the existing amended complaint for which he sought money damages.  <u>See</u> footnote 6.

With respect to adding Deputy Carelli as a defendant, plaintiff seeks, in essence to supplement his claims to include events which allegedly occurred after the events at issue in this action; i.e., plaintiff makes allegations with reference to his subsequent confinement in Shasta County Jail as of October 19, 2004.  Plaintiff also seeks to add new claims with respect to at least one existing defendant arising from this later confinement.  Plaintiff's motion for permissive joinder under Fed. R. Civ. P. 20, is not the appropriate vehicle for supplementing his claims or seeking to name new parties in this context.  Rule 20 is specifically evoked for permissive

---

the commitment order.  Moreover, if plaintiff were returned to the Shasta County Jail in December 2003; a notice of change of address should have been submitted by plaintiff since that date).  Assuming plaintiff meant December 19, 2002 until December 19, 2004, the court would find plaintiff's argument that, pursuant to Cal. Welf. & Inst. Code § 6600 et seq., the Sexually Violent Predator (SVP) Act, that a person shall be returned for recommitment proceedings to the County in which he/she was originally committed every two years to be persuasive and would find his injunctive relief claims as framed in the amended complaint not moot. Defendants aver[red] as much in their [] motion to dismiss, citing Cal. Welf & Inst. Code § 6602.  Indeed, plaintiff aver[red] that when he is not at Atascadero, he is confined at Shasta County Jail for commitment/recommitment hearings. AC, pp. 2, 6.  However, plaintiff wholly undercut any injunctive relief claims, as defendants note[d], by later expressly stating in the amended complaint that it is limited to claims of pain and suffering arising from the conditions of his confinement at Shasta County Jail from January 1, 2002 until December 31, 2002. AC, p. 6, ¶ 13.  Moreover, plaintiff seeks only money damages in his "prayer for relief." AC, pp. 19-20.

joinder of parties where 1) a right to relief is asserted arising out of the same transaction and occurrence and 2) there must be some question of law or fact common to all parties arising in the action. <u>Coleman v. Quaker Oats</u>, 232 F.3d 1271, 1296 (9th Cir. 2000); <u>Desert Empire Bank v. Insurance Co. of North America</u>, 623 F.2d 1371, 1375 (9th Cir. 1980); <u>League to Save Lake Tahoe v. Tahoe Regional Planning Agency</u>, 558 F.2d 914, 917 (9th Cir. 1977). In this case plaintiff seeks to add a defendant based on events arising out of a separate occurrence from the one at issue in his operative amended complaint and seeks to revive injunctive relief claims which he had apparently abandoned earlier. On the other hand, while plaintiff's claims arise out of different confinements, they all arise out of detentions at Shasta County Jail for civil commitment or re-commitment proceedings pursuant to Cal. Welf.& Inst. Code § 6600.

However the primary defect of his pending motions is that plaintiff has failed to submit a motion to amend his amended complaint along with a proposed second amended complaint containing all of the claims upon which he has been proceeding along with the new claims and new parties with which he would like to supplement the operative amended complaint, pursuant to Fed. R. Civ. P. 15. Plaintiff will not be allowed to proceed piecemeal in this litigation. Plaintiff's motions for permissive joinder will therefore be denied; plaintiff will be granted leave to file a motion to amend along with a proposed second amended complaint containing all of his claims within 30 days. Plaintiff should be aware that his seeking to supplement or amend his claims will cause a significant delay in the adjudication of this action. Should plaintiff file a motion and proposed second amended complaint, defendants must file their response within 30 days thereafter. The court will vacate the deadlines set forth in the scheduling order, filed on March 11, 2005, and the limited scheduling order modification, filed on June 10, 2005, should plaintiff file a timely motion for leave to amend along with a proposed second amended complaint.

<u>Motion for Appointment of Counsel</u>

In response to plaintiff's February 18, 2005 request for appointment of counsel,

the undersigned referred this case to the King Hall Civil Rights Clinic for their review, directing the clinic to inform the court of their decision at their earliest convenience with respect to whether they find in this case the requisite exceptional circumstances to warrant their appointment as voluntary counsel on behalf of plaintiff. See Order, filed on March 11, 2005. No response has been forthcoming from the clinic and plaintiff, on June 15, 2005, has renewed his request for appointment of counsel. The Civil Rights Clinic is now directed to provide their response within ten (10) days. Plaintiff is again cautioned that voluntary counsel may not be procurable and he must proceed

Accordingly, IT IS ORDERED that:

1. Plaintiff's motions for permissive joinder, filed on February 18, 2005, are denied with leave granted for plaintiff to file a motion for leave to amend as well as a proposed second amended complaint incorporating all of the claims upon which he seeks to proceed as well as naming all parties he seeks to proceed against as defendants; defendants must file their response within 30 days thereafter;

2. Only upon plaintiff's filing of a timely motion for leave to amend and proposed second amended complaint as set forth above will the court vacate the deadlines as set forth in the March 11, 2005 scheduling order and the June 10, 2005 limited modification of that order;

3. King Hall Civil Rights Clinic must inform this court, within ten (10) days, of their decision as to whether or not they find this case appropriate for appointment as counsel and whether they choose to proceed as plaintiff's counsel in this matter;

4. The Clerk of the Court must serve this order upon King Hall Civil Rights Clinic as well as the parties to this action.

DATED:  8/8/05                                    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/meye0241.mtj