IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY JAY MEYERS,

    Plaintiff,                       No. CIV S- 03-0241 LKK GGH P

    vs.

SHERIFF JIM POPE, et al.,

    Defendants.               ORDER

_____/

         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on August 8, 2005, plaintiff was granted 30 days' leave to file a motion for leave to amend and a proposed second amended complaint incorporating all of the claims upon which he seeks to proceed. In that order, the court also noted that in an order dated March 11, 2005, the undersigned had referred this case to the King Hall Civil Rights Clinic for their review, directing the clinic to inform the court of a decision at their earliest convenience as to whether they found the required exceptional circumstances to warrant their appointment as voluntary counsel on plaintiff's behalf. Noting that no response had been forthcoming from the Civil Rights Clinic and that plaintiff had renewed his request for appointment of counsel, the court directed the clinic to provide their response within ten days. See Order, filed on August 8, 2005. Plaintiff was cautioned again that voluntary counsel might not be procurable. The Civil Rights

1

Clinic has not responded and the court has no alternative but to find that voluntary counsel cannot be obtained for plaintiff and he must continue to proceed in this action pro se.

As plaintiff has failed to file a proposed second amended complaint timely, this action proceeds on the first amended complaint, filed on May 12, 2003, as modified by the court's orders, filed on November 18, 2003 and September 30, 2004. Defendants, on September 9, 2005, filed a motion for summary judgment. Plaintiff is responsible for filing any opposition to that motion. By order filed on September 25, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). Local Rule 78-230(m) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Plaintiff is cautioned that failure to file opposition may be deemed a waiver of opposition to the motion.

In light of defendants' pending motion for summary judgment the court now vacates the dates for the pretrial conference and the filing of the parties' pretrial statements as well as the trial date set in the scheduling order filed on March 11, 2005, to be re-set upon adjudication of the pending dispositive motion, if appropriate.

Accordingly, IT IS ORDERED that:

1. Plaintiff must continue to proceed pro se in this matter as King Hall Civil Rights Clinic has failed to respond to this court's orders and the time for doing so has expired;

2. This action proceeds on plaintiff's first amended complaint, filed on May 12, 2003, as modified by the court's orders, filed on November 18, 2003 and September 30, 2004, as plaintiff has failed to file a motion for leave to amend and a proposed second amended complaint, pursuant to the court's order, filed on August 8, 2005;

\\\\\

1  3. Plaintiff must file any opposition to defendants' motion for summary
2  judgment, filed on September 9, 2005, in accordance with Rule 56 of the Federal Rules of Civil
3  Procedure and Local Rule 78-230(m), or be deemed to have waived opposition thereto;
4  4. The dates for the filing of pretrial statements by the parties (October 14, 2005
5  and October 28, 2005, respectively), for the pretrial conference (November 4, 2005) and for trial
6  (January 10, 2006) set in the scheduling order, filed on March 11, 2005, are hereby vacated
7  pending adjudication of the pending motion for summary judgment to be re-set, if appropriate;
8  and
9  5. The Clerk of the Court is directed to serve a copy of this order upon Carter
10 White of the King Hall Civil Rights Clinic, as well as upon the parties to this action.
11 DATED: 9/20/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
meye.0241.ncr