IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY JAY MEYERS,

      Plaintiff,                    No. CIV S-03-0241 LKK GGH P

   vs.

SHERIFF JIM POPE, et al.,

                                 ORDER

      Defendants.

_____/

      Counsel for plaintiff has submitted a stipulated motion to withdraw as counsel for plaintiff, a motion which the court notes, follows the August 17, 2009,[1] vacating of the settlement conference previously set in this matter. The motion sets this matter for hearing on September 17, 2009, at 10:00 a.m., before the undersigned. The stipulation, signed by both plaintiff and his counsel, shows the two are in agreement that counsel should be granted leave to withdraw and that plaintiff will proceed to "represent himself in pro per until such appointment by the Court of new counsel pursuant to the order of the Ninth Circuit in this case." See Motion, filed on August 24, 2009 (docket # 101).

\\\\\

---

[1] See Judge Brennan's Order at docket # 99.

1

The motion presumes too much and the stipulation is rejected by the court. Counsel for plaintiff must appear before the court at the time noticed for the hearing, as noted herein, although it will not be necessary for defendants' counsel to make an appearance, pursuant to the statement of non-opposition, filed on August 26, 2009 (docket # 102). Counsel for plaintiff must be prepared to address both his own response and that of plaintiff with regard to the court's current position, as set forth below.

The court satisfied the mandate of the Ninth Circuit for plaintiff to proceed on remand with appointed counsel when counsel was located and appointed for plaintiff. The mandate was not an unqualified and unlimited directive to provide plaintiff with new counsel to suit his whim,[2] even if, for example, plaintiff absented himself from a settlement conference (see request, filed on August 17, 2009 (docket # 98)) that may well have resolved significant issues. The vacating of the settlement conference may also be what has moved plaintiff's counsel to seek to withdraw. Little thought appears to have been spared, however, for the burden placed upon this already extraordinarily burdened court to seek new counsel for plaintiff in this six-year-old case. Nor is the undersigned very disposed to do so. Rather, the most likely alternatives the court finds available at this juncture are either that plaintiff will proceed with his current counsel (and the motion to withdraw be denied) or plaintiff will proceed in this litigation pro se. The

\\\\\
\\\\\
\\\\\
\\\\\

---

[2] The court set this matter for a settlement conference following a status conference with both counsel and directed that another magistrate judge be assigned to hold the conference. See Order, filed on May 18, 2009 (docket # 92). A settlement conference was set for August 20, 2009, before Judge Brennan. Docket # 94 & # 95. Judge Brennan issued a writ for plaintiff's appearance, subsequently vacated. Docket # 96 & # 99. Prior to the vacating of the settlement conference, plaintiff's counsel filed a request to vacate it, stating that plaintiff "is unwilling to be transported to Sacramento at this time," without further explanation. Docket # 98.

1  court will, of course, consider both the position of counsel and of plaintiff, through his counsel,
2  with regard to these alternatives and will hear any reasonable additional alternative that might be
3  presented.
4            IT IS SO ORDERED.
5  DATED: August 26, 2009                    /s/ Gregory G. Hollows
                                             UNITED STATES MAGISTRATE JUDGE
6
   GGH:009
7  meye0241.rej