# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY JAY MEYERS**, | No. 2:03-CV-00241-AK |
| Plaintiff, | **ORDER SETTING SETTLEMENT CONFERENCE** |
| v. | |
| **JIM POPE, et al.,** | |
| Defendants. | |

Plaintiff is a civil detainee proceeding with counsel in an action under 42 U.S.C. § 1983. Due to Plaintiff's counsel's inattention and lack of diligence, this court only recently became aware—through a pro se motion filed by Plaintiff (Dkt. 124)—that the mediator previously assigned to this case, Joe Ramsey, passed away nearly a year ago. Thus, the court now sets this case for a new settlement conference on October 10, 2013.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order to ensure that Plaintiff will appear by video from his present place of detention.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Edmund F. Brennan on October 10, 2013, at 10:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #8. Plaintiff is to appear by video from his present place of detention.

2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person. The individuals present must have "unfettered discretion and authority" to explore all settlement options, to agree at that time to any terms acceptable to the parties and to change the party's settlement position. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 486 (D. Ariz. 2003) (internal quotation marks

omitted).  An authorization to settle for a limited dollar amount or sum certain may not constitute full authority to settle.  See, e.g., Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596–97 & n.4 (8th Cir. 2001).

  3.  Those in attendance must be prepared to discuss the claims, defenses and potential damages.  If any counsel, party or authorized person subject to this order fails to appear, it may result in the imposition of sanctions, including but not limited to attorney fees and travel costs of the other parties.  In addition, the conference will not proceed and will be set for another date.

  4.  Each party shall submit a confidential settlement conference statement to chambers seven (7) days prior to the settlement conference.  Statements may be e-mailed to efborders@caed.uscourts.gov.  Such statements are not to be filed with the clerk.  However, each party shall e-file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement.  See Local Rule 270(d).  Settlement statements shall be clearly marked "confidential," with the date and time of the settlement conference indicated prominently thereon.  The statements should not be served on opposing counsel unless the parties agree to do so.

  5.  The confidential settlement statement shall be **no longer than seven pages** and shall include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on all claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

   e. The relief sought.

      f.      The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

      g.      A brief statement of each party's expectations and goals for the settlement conference.

DATED: August 20, 2013

/s/ Alex Kozinski

**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation